IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

LARRY DON LANGS,           §
TDCJ NO. 1688906,          §
                           §
          Petitioner,      §
                           §
v.                         §
                           §        CIVIL ACTION NO. H-14-1834
WILLIAM STEPHENS, Director, §
Texas Department of Criminal §
Justice, Correctional      §
Institutions Division,     §
                           §
          Respondent.      §

## MEMORANDUM OPINION AND ORDER

Larry Don Langs, an inmate of the Texas Department of Criminal
Justice (TDCJ), filed a Petition for a Writ of Habeas Corpus By a
Person in State Custody (Docket Entry No. 1) challenging a prison
disciplinary ruling against him.  The Respondent has filed a Motion
for Summary Judgment with Brief in Support (Docket Entry No. 9)
that is supported by TDCJ records.  After reviewing the pleadings
and the records, the court has determined that the Respondent's
motion should be granted and this action should be dismissed.

## I.  Procedural History and Petitioner's Arguments

Langs is serving a twelve-year sentence for delivery of a
controlled substance.  State v. Langs, No. F-9263805 (241st Dist.
Ct., Harris County, Tex., Dec. 20, 2010).  (Docket Entry No. 9-2,
p. 2, Respondent's Exhibit A)  A procedural history concerning any

appeal and post-conviction proceedings of the felony offense is not necessary because Langs does not attack the validity of his state court conviction.   Instead, Langs' petition concerns a prison administrative disciplinary proceeding.

On December 16, 2013, Langs was notified that he was charged with assaulting an officer without a weapon and with no injury on November 30, 2013[1] (TDCJ Disciplinary Case No. 20140094270, Docket Entry No. 10-2, p. 3).   On December 17, 2013, Langs attended a disciplinary hearing, represented by counsel substitute.   Id. After reviewing the evidence, the Disciplinary Hearing Officer (DHO) found Langs guilty of the charge and assessed the following punishments:   (1) thirty days loss of commissary privileges; (2) thirty days of cell restriction; (3) reduction in classifi-cation from S3 to L1; and (4) forfeiture of thirty days of good-time credit.   Id.

On December 27, 2013, Langs filed a Step 1 Grievance challenging the outcome of the proceeding.   (Docket Entry No. 10-1, pp. 3-4)   The grievance was denied and returned to Langs on February 12, 2014.   Id.   Langs then filed a Step 2 Grievance on February 24, 2014.   Id. at 5-6.   That grievance was denied on February 27, 2014.   Id.

---

[1] An assault of a correctional officer without a weapon and with no resulting harm is a Level 1, Code 3.3 violation of the TDCJ Disciplinary Rules and Procedures for Offenders.   See TDCJ Disciplinary Rules at TDCJ Website, http://tdcj.state.tx.us/.

Langs' federal habeas petition was mailed in an envelope that was date stamped June 30, 2014.  (Docket Entry No. 1-1, p. 1) Therefore, it is considered to be filed with this court on that date.  See Starns v. Andrews, 524 F.3d 612, 616 n.1 (5th Cir. 2008).  Langs asserts the following grounds for relief regarding Disciplinary Case No. 20140094270:

1.    Langs was denied the right to call witnesses at the disciplinary hearing because he did not know their names;

2.    The DHO was biased and unreasonable and had no concern for Langs.

See Petition (Docket Entry No. 1, pp. 6-7).

## II.    Respondent's Arguments

Respondent argues that Langs' challenge to Disciplinary Case No. 20140094270 should be dismissed because there was no due process violation.  Respondent further contends that Langs' challenges to his loss of privileges and demotion in classification are not actionable because they do not impose "atypical and significant hardships" on Langs.  Respondent also asserts that there was sufficient evidence to support the finding of guilt and loss of good time and that Langs' claims are conclusory and meritless.

## III.    Standards of Review and Applicable Laws

Langs' petition for a writ of habeas corpus is subject to review under the federal habeas statutes as amended by the

Antiterrorism and Effective Death Penalty Act of 1996.  28 U.S.C.
§ 2254; <u>Woods v. Cockrell</u>, 307 F.3d 353, 356 (5th Cir. 2002);
<u>Nobles v. Johnson</u>, 127 F.3d 409, 413 (5th Cir. 1997), <u>citing</u> <u>Lindh</u>
<u>v. Murphy</u>, 117 S. Ct. 2059, 2068 (1997).  A federal habeas
petitioner challenging a state court decision is not entitled to
relief unless the state court judgment:

> (1) resulted in a decision that was contrary to, or
> involved an unreasonable application of, clearly
> established Federal law as determined by the Supreme
> Court of the United States; or
>
> (2) resulted in a decision that was based on an
> unreasonable determination of the facts in light of the
> evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The 1996 AEDPA provisions "modified a federal habeas court's
role in reviewing state prisoner applications in order to prevent
federal habeas 'retrials' and to ensure that state-court
convictions are given effect to the extent possible under law."
<u>Bell v. Cone</u>, 122 S. Ct. 1843, 1849 (2002), <u>citing</u> <u>Williams v.</u>
<u>Taylor</u>, 120 S. Ct. 1495, 1518 (2000).  Habeas relief should only be
granted if the state court's decision is both incorrect and
objectively unreasonable.  <u>Martin v. Cain</u>, 246 F.3d 471, 476 (5th
Cir. 2001), <u>citing</u> <u>Williams</u>, at 1521.

Summary Judgment standards established under the Federal Rules
of Civil Procedure apply in habeas corpus cases brought under 28
U.S.C. § 2254.  <u>Clark v. Johnson</u>, 202 F.3d 760, 764 (5th Cir.
2000); <u>McBride v. Sharpe</u>, 25 F.3d 962, 969 (11th Cir. 1994).  A

summary judgment shall be issued if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); Dameware Development, L.L.C. v. American General Life Ins. Co., 688 F.3d 203, 206-207 (5th Cir. 2012). In considering a motion for summary judgment, the court construes factual controversies in the light most favorable to the non-movant, but only if both parties have introduced evidence showing that an actual controversy exists. Id.; Lynch Properties, Inc. v. Potomac Ins. Co. of Illinois, 140 F.3d 622, 625 (5th Cir. 1998). The burden is on the movant to convince the court that no genuine issue of material fact exists as to the claims asserted by the non-movant, but the movant is not required to negate elements of the non-movant's case. See Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986).

The non-moving party may not rest solely on its pleadings. King v. Chide, 974 F.2d 653, 656 (5th Cir. 1992). For issues on which the non-movant will bear the burden of proof at trial that party must produce summary judgment evidence and designate specific facts which indicate that there is a genuine issue for trial. Celotex, 106 S. Ct. at 2552; Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996). The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio

-5-

Corp., 106 S. Ct. 1348, 1356 (1986).  To meet its burden the non-moving party must present "significant probative" evidence indicating that there is a triable issue of fact.  Conkling v. Turner, 18 F.3d 1285, 1295 (5th Cir. 1994).  If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted. Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2511 (1986).  A habeas petitioner cannot rely on "bald assertions on a critical issue in his pro se petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." Ross v. Estelle, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

## IV.  Analysis

The court will review the merits of Langs' claims in light of the record of the proceedings and the disciplinary actions taken against him.

### A.  Not All Disciplinary Punishments are Actionable

A petitioner's habeas challenge to a disciplinary hearing is not actionable in federal court if the outcome of the administrative proceeding does not adversely affect his release date.  See Sandin v. Conner, 115 S. Ct. 2293, 2297 (1995); Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995).  A prisoner does not have many of the rights and privileges that a free citizen enjoys. Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997).  In some

instances, the state may create liberty interests that are protected by the Due Process Clause. Id. However, a prison inmate may only seek relief from disciplinary actions that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, at 2300.

Three of the four punishments imposed on Langs as a result of his disciplinary hearing (loss of commissary privileges, cell restriction, and reduction in classification) did not impose an "atypical and significant" hardship on him. Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000); Madison, 104 F.3d at 768 ("[Thirty] day commissary and cell restrictions as punishment are in fact merely changes in the conditions of his confinement and do not implicate due process concerns. They are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest."). These sanctions, including those affecting good-time earning classification, do not have a direct effect on Langs' release date. See Venegas v. Henman, 126 F.3d 760, 765 (5th Cir. 1997); Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995); Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992). See also Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995) (any possible adverse effects that a disciplinary action may have on a prisoner's chances for parole are not actionable because Texas prisoners do not have a liberty interest in parole). Only Langs' loss of thirty days of good-time credits is subject to

review in this federal habeas action.  <u>Houser v. Dretke</u>, 395 F.3d
560 (5th Cir. 2004); <u>Murphy v. Collins</u>, 26 F.3d 541, 543 n.5 (5th
Cir. 1994).

**B.  Witnesses - No Denial of Due Process**

In his first claim for relief Langs contends that he was
denied due process because he was unable to call witnesses on his
behalf, but he does not allege that the DHO denied his request to
call any specific witnesses.  Instead, he merely contends that he
was unable to call witnesses because he did not know their names,
although he states that there were two individuals he wanted to
call (Docket Entry No. 1, p. 6).  Langs implies that he could have
identified them if he had been allowed to locate them.  <u>Id.</u>  Langs
also states that "their [sic] was no evidence" other than the two
witnesses he wanted to call.  <u>Id.</u> at 5.

Unlike a defendant in a criminal trial, a prisoner in a
disciplinary proceeding has limited due process rights.  <u>Wolff v.
McDonnell</u>, 94 S. Ct. 2963, 2975 (1974) ("Prison disciplinary
proceedings are not part of a criminal prosecution, and the full
panoply of rights due a defendant in such proceedings does not
apply.").  These rights are met when the prison officials
"(1) provide advance written notice of at least twenty-four hours
to the prisoner; (2) issue a written statement of the factfinders
as to evidence relied upon and their reasons for action; and
(3) offer the prisoner an opportunity to call witnesses and present

documentary evidence." Houser v. Dretke, 395 F.3d 560, 562 (5th Cir. 2004), citing Wolff, 94 S. Ct. at 2978-80; see also Morgan v. Quarterman, 570 F.3d 663, 668 (5th Cir. 2009). Only some evidence is required to support a finding of guilt at a prison disciplinary hearing. Hudson v. Johnson, 242 F.3d 534, 536 (5th Cir. 2001), citing Superintendent, Mass. Correctional Inst., Walpole v. Hill, 105 S. Ct. 2768, 2773 (1985).

In his response (Docket Entry No. 14) Langs concedes that there was testimony that he threw a sandwich at the charging officer; however, he contends that the officer's testimony was distorted in that the officer indicated that the sandwich missed him. Langs also complains that he was denied the right to counsel because he was not appointed a counsel substitute until immediately before the disciplinary hearing (Docket Entry No. 14, p. 1). Langs further complains that the charges against him are false and that TDCJ officials committed misconduct in prosecuting him. Id. at 2.

The court has reviewed the audio recording of the disciplinary hearing (Docket Entry No. 11). The charging officer testified that Langs hit him with a sandwich when he was serving food to the inmates. This is sufficient to uphold the DHO's determination of guilt. Morgan, 570 F.3d at 668; Hudson v. Johnson, 242 F.3d 534, 536 (5th Cir. 2001). Langs cannot establish a due process violation merely by alleging that he was charged with something that he did not do. Harris v. Smith, 482 F. App'x 929, 930 (5th

Cir. 2012), <u>citing</u> <u>Collins v. King</u>, 743 F.2d 248, 253 (5th Cir. 1984).

As noted above, a prisoner at a disciplinary hearing has limited rights. <u>See</u> <u>Morgan</u>, 570 F.3d at 668; <u>Houser</u>, 395 F.3d at 562. The record reflects that Langs was given written notice of the charges more than twenty-four hours in advance of the hearing. (Docket Entry No. 16-3, at 3) The audio recording reflects that Langs attended the hearing where he was advised of his rights, including the right to call witnesses and present documentary evidence. Langs also acknowledged that he had previously been given written notice of the charges. Langs testified at the hearing that he used profanity and was upset about the sandwich given to him. Neither Langs nor his counsel substitute made a request to the DHO to summon witnesses. There is no evidence to support Langs' allegations that his rights were violated; and his admission, in addition to the charging officer's testimony, supports the DHO's finding and decision. <u>Richards v. Dretke</u>, 394 F.3d 291, 296 (5th Cir. 2004); <u>see also</u> <u>Orebaugh v. Caspari</u>, 910 F.2d 526, 528 (8th Cir. 1990) (prisoner's admission was "some evidence" of actual rule violation).

**C.   DHO Bias - No Violation**

In his second ground for relief, Langs complains that the DHO was biased against him and was unreasonable. He also complains that the DHO had no concern for his welfare or the effect the

disciplinary action would have on him.  Langs' unsupported claims that the DHO was unfair to him during the proceedings cannot serve as the basis for habeas relief.  See Olstad v. Collier, 326 F. App'x 261, 263 (5th Cir. 2009), citing Hilliard v. Bd. of Pardons and Paroles, 759 F.2d 1190, 1192 (5th Cir. 1985). Moreover, he provides no facts on which to base his claim. Consequently, the claim is dismissible as conclusory.  Byrne v. Butler, 845 F.2d 501, 513 (5th Cir. 1988); Ross v. Estelle, 694 F.2d 1008, 1011 (5th Cir. 1983).

Therefore, Respondent's Motion for Summary Judgment (Docket Entry No. 9) will be granted, and this action will be dismissed.

## V.  Certificate of Appealability

Under 28 U.S.C. § 2253 Langs needs to obtain a certificate of appealability before he can appeal this Memorandum Opinion and Order dismissing his petition.  To obtain a certificate of appeal-ability Langs must make a substantial showing of the denial of a constitutional right.  Medellin v. Dretke, 125 S. Ct. 2088, 2091 (2005); Williams v. Puckett, 283 F.3d 272, 276 (5th Cir. 2002).  To make such a showing Langs must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.  Tennard v. Dretke, 124 S. Ct. 2562, 2569 (2004); Lucas v. Johnson, 132 F.3d 1069, 1073 (5th Cir. 1998).  For the reasons stated in this Memorandum Opinion

and Order, Langs has not made a substantial showing of the denial of a constitutional right. <u>Newby v. Johnson</u>, 81 F.3d 567, 569 (5th Cir. 1996). The court will deny the issuance of a Certificate of Appealability. <u>See</u> <u>Haynes v. Quarterman</u>, 526 F.3d 189, 193 (5th Cir. 2008).

## VI. <u>Conclusion</u>

The court **ORDERS** the following:

1. Respondent's Motion for Summary Judgment (Docket Entry No. 9) is **GRANTED.**

2. The Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DISMISSED WITH PREJUDICE.**

3. The petitioner's Application to Proceed In Forma Pauperis (Docket Entry No. 15) is **GRANTED.**

4. The petitioner's subsequent Application to Proceed In Forma Pauperis (Docket Entry No. 16) is **DENIED AS MOOT.**

5. A Certificate of Appealability is **DENIED.**

**SIGNED** at Houston, Texas, this 12th day of February, 2015.

SIM LAKE
UNITED STATES DISTRICT JUDGE

-12-